Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, New Jersey 07632
(T) 201.461.0059
(E) David@Lupoloverlaw.com

Eastern District of Pennsylvania

| | |
|---|---|
| April Ploeger,<br><br>      Plaintiff,<br><br>  vs.<br><br>Penn Credit Corporation,<br><br>      Defendant | Case No.:<br><br>CIVIL COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, April Ploeger, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Penn Credit Corporation (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 42 U.S.C. § 227, *et seq.*, Telephone Consumer Protection Act (hereinafter "TCPA"), 15 U.S.C. § 1692, *et seq.*, Fair Debt Collections Practices Act (hereinafter "FDCPA") and Pennsylvania State claim Invasion of Privacy / Intrusion Upon Seclusion. Defendant, Penn Credit Corporation, was collecting on an alleged debt arising from medical services rendered by University of Pennsylvania Hospital.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 and supplemental jurisdiction exists for Pennsylvania State Law claim pursuant to 28 U.S.C.A. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided at 4529 Spruce St. Apt. #10 Philadelphia, Pennsylvania 19139. Plaintiff is a "consumer" or "debtor" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation doing business in the State of Pennsylvania, with its corporate address at 916 South 14th St. Harrisburg, Pennsylvania 17104. Defendant, Penn Credit Corporation, is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. In May of 2013, Plaintiff began receiving automated, pre-recorded phone calls from Defendant, to her cellular phone. The calls were being placed by telephone number (800) 900-1381, to Plaintiff's cellular phone number (215) 268-8472.

7. The calls commenced on May 4, 2013, and continued until September 23, 2013. A total of 137 phone calls were placed by Defendant during this time period. Attached hereto marked "Exhibit A," is a log detailing the calls placed by Defendant to Plaintiff from May 4, 2013 to September 23, 2013.

8. During the call placed on May 12, 2013 (See Exhibit A), Plaintiff fielded the call and requested that she no longer be contacted. Unfortunately, Defendant failed to abide by Plaintiff's request and (17) more phone calls were placed from May 16, 2013 until June 9, 2013.

9. During the call placed June 9, 2013, Plaintiff once again requested that Defendant cease calls to Plaintiff. Once again, Defendant failed to cease communication. Plaintiff received (3) more calls on June 15th, 16th and 21st. (See Exhibit A)

10. During the call placed on June 21, 2013, Plaintiff requested, for the third time, Defendant stop contacting her. As with the prior (2) requests, Plaintiff failed to cease communication and during the ensuing three or so months, Defendant called Plaintiff (112) times. (See Exhibit A)

11. A call placed by Defendant on September 3, 2013, was done so at 9:45pm, Eastern Standard Time. (See Exhibit A)

## COUNT I
### 5 NON-WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT
### 42 U.S.C. § 227(b)(1)(A)(ii)

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates them as if set forth at length herein.

13. Between May 4, 2013 and May 12, 2013, Defendant placed 5 calls to Plaintiff in furtherance of the collection of a debt. (See Exhibit A)

14. All (5) collection calls were done so utilizing an automated dialer, with a pre-recorded message.

15. At no time has Plaintiff and Defendant shared an "established business relationship," as the term is defined by 47 U.S.C. § 227(a)(2).

16. Defendant's actions constitute (5) separate non-willful violations of 42 U.S.C. § 227(b)(1)(A)(ii), to which their falls no exemptions to their behavior.

17. Plaintiff has been damaged and is entitled to relief.

### COUNT II
### 132 WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTIONS ACT 42 U.S.C. § 227(b)(1)(A)(ii)

18. Plaintiff repeats the allegations contained in paragraphs 1 through 17 and incorporates them as if set forth at length herein.

19. During the May 12, 2013 call placed by Defendant, Plaintiff advised Defendant that she no longer wished to be called. Defendant was officially put on notice that the calls were to cease.

20. Defendant, knowing of Plaintiff's request to cease calls, placed an additional (17) calls from May 16, 2013 until June 9, 2013. (See Exhibit A)

21. During the June 9, 2013 call placed by Defendant, Plaintiff once again advised Defendant that she no longer wished to be called. Defendant, for a second time, was officially put on notice that the calls were to cease.

22. Defendant, having been told for a second time that Plaintiff wished the calls to cease, placed an additional (3) calls between June 9, 2013 and June 21, 2013. (See Exhibit A)

23. During the June 21, 2013 call placed by Defendant, Plaintiff advised Defendant once again that she no longer wished to be called.

Defendant, for a third time, was officially put on notice that the calls were to cease.

24. Defendant, having been told a third time that Plaintiff wished the calls to cease, placed an additional (112) calls between June 21, 2013 and September 23, 2013. (See Exhibit A)

25. Defendant's actions constitute (132) separate, willful violations of 42 U.S.C. § 227(b)(1)(A)(ii).

26. Plaintiff has been damaged and is entitled to relief.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(c)(a)(1)

27. Plaintiff repeats the allegations contained in paragraphs 1 through 26 and incorporates them as if set forth at length herein.

28. Defendant's call placed on September 3, 2013, was done so at 9:45pm, Eastern Standard Time.

29. The Fair Debt Collections Practices Act prohibits debt collectors from placing calls to alleged debtors at an unusual time or place, or a time when they know, or should know, to be inconvenient. The Act presumes all calls placed outside the window of 8am - 9pm to be inconvenient.

30. Defendant, having called at 9:45pm, violated 15 U.S.C. § 1692(c)(a)(1).

31. Plaintiff has been damaged and is entitled to relief.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(d)(6)

32. Plaintiff repeats the allegations contained in paragraphs 1 through 31 and incorporates them as if set forth at length herein.

33. Plaintiff notified Defendant that she wished the calls to cease on May 12, 2013.

34. Plaintiff made (3) separate, and distinct cease and desist requests of Defendant.

35. Defendant called Plaintiff (17) times after the initial cease and desist request.

36. Defendant called Plaintiff (3) times after the second cease and desist request.

37. Defendant called Plaintiff **ONE HUNDRED AND TWELVE** (112) times after the **THIRD** cease and desist request.

38. Defendant made a total of **ONE HUNDRED AND THIRTY TWO** (132) calls after Plaintiff initially requested Defendant cease and desist calling.

39. Defendant, in calling (132) times post cease and desist, engaged in a pattern of behavior repeatedly, and continuously, with intent to annoy, abuse, and harass Plaintiff into paying the alleged debt due and owing. Defendant's actions are in direct violation of 15 U.S.C. § 1692(d)(6).

40. Plaintiff has been damaged and is entitled to relief.

## COUNT V
## INVASION OF PRIVACY / INTRUSION UPON SECLUSION

41. Plaintiff repeats the allegations contained in paragraphs 1 through 40 and incorporates them as if set forth at length herein.

42. Defendant placed a total of **ONE HUNDRED AND THIRTY SEVEN** calls to Plaintiff over a period of approximately (4) months.

43. Defendant undertook the series of telephone calls to Plaintiff constituting invasion of privacy and invasion upon her seclusion.

44. These calls were harassing, unreasonable, systematic, continuous, and were made in disregard for Plaintiffs right to privacy and in direct defiance of (3) separate cease and desist requests.

45. These communications were made to threaten, force, coerce, harass, frighten, embarrass, and humiliate Plaintiff into paying an alleged debt.

46. The invasions of the right of privacy were intentional, willful, and malicious, and violated Plaintiff's privacy.

47. The communications constitute an unwarranted and wrongful intrusion into Plaintiffs private activities as well as intentional intrusion into Plaintiffs solitude and seclusion.

48. Defendant's actions constitute a violation of Pennsylvania State Law, in the form of Invasion of Privacy / Intrusion upon Seclusion.

49. Plaintiff has been damaged and is entitled to relief.

*[Remainder of page intentionally left blank]*

**DAMAGES**

WHEREFORE, Plaintiff, April Ploeger, requests this Court enter judgment against Defendant and on behalf of Plaintiff for the following:

A. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA, FDCPA and Pennsylvania State Law;

B. That judgment be entered against Defendant for (5), separate and distinct, non-willful violations of 42 U.S.C. § 227(b)(1)(A)(ii);

C. That judgment be entered against Defendant for statutory damages in the amount of Two Thousand and Five Hundred Dollars ($2,500.00) for (5), separate and distinct, non-willful violations of 42 U.S.C. § 227(b)(1)(A)(ii);

D. That judgment be entered against Defendant for (132), separate and distinct, willful violations of 42 U.S.C. § 227(b)(1)(A)(ii);

E. That judgment be entered against Defendant for statutory damages in the amount of One Hundred and Ninety-Eight Thousand Dollars ($198,000.00) for (132), separate and distinct, willful violations of 42 U.S.C. § 227(b)(1)(A)(ii);

F. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

G. That judgment be entered against the Defendant for statutory damages, in the amount of $1000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

H. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

I. That Judgment be entered against the Defendants for Invasion of Privacy / Intrusion Upon Seclusion;

J. That the Court award actual and punitive damages for violation of Pennsylvania State Law in the form of Invasion of Privacy / Intrusion Upon Seclusion; and

K. That the Court grant such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this 1st day of ~~October~~ November, 2013

>Respectfully Submitted,
>
>/s Daniel G. Ruggiero
>Attorney for Plaintiff
>Daniel G. Ruggiero
>On Behalf of:
>Law Offices of Michael Lupolover, P.C.
>180 Sylvan Avenue, 2nd Floor
>Englewood Cliffs, NJ 07632
>Phone: (201) 461-0059
>Facsimile: (201) 608-7116
>Email: david@lupoloverlaw.com